IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:22-cr-00193-BHH-1 |
| | ) |
| v. | ) |
| | ) |
| DAVID HIERS | ) |
| | ) |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant David Hiers ("Hiers", "Defendant"), based upon the following:

1. On March 8, 2022, an Indictment was filed charging the Defendant with:

    <u>Count 1</u>:  Conspiracy to commit mail fraud and wire fraud, in violations of 18 U.S.C. §§ 1341, 1343, and 1349; and

    <u>Count 2</u>:  False statement in a loan application, in violation of 18 U.S.C. § 1014.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon the Defendant's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

<u>Cash Proceeds/ Forfeiture Judgment[1]</u>:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of $370,000.00 and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violation of Title 18.

3.  On April 18, 2022, a Bill of Particulars was filed with the court regarding property alleged in the Indictment filed on March 8, 2022, as also being subject to forfeiture to the United States. Such property includes:

<u>Vehicles</u>[2]:

(a)  2016 Chevrolet Silverado
VIN: 3GCUKREC1GG146643
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002926

(b)  2016 Cadillac Escalade with (4) additional tires and factory rims
VIN: 1GYS4BKJ6GR445700
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002925

(c)  2019 Honda Talon ATV SXS1000
VIN: 1HFVE0516K4001552
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002923

(d)  2019 Can Am ATV 5UKB Outlander Max Red
VIN: 3JBLPAX47KJ000430
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002922

---

[1] The government is pursuing a forfeiture judgment in the amount of $196,514.53, which is the loss amount attributed to the Defendant.

[2] The vehicles identified as (a) and (c) through (i) had outstanding liens and have been returned to the lien holders. Therefore, the government will not seek forfeiture of these vehicles.

(e)     2019 Can Am ATV 7SKB Maverick X3 Silver
VIN: 3JBVDAW44KK000107
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002921

(f)     2020 Yamaha Kodiak ATV
VIN: 5Y4AJ783XLA103232
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002916

(g)     2020 Yamaha Raptor 700R
VIN: 5Y4AM863XLA107992
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002915

(h)     2019 Polaris Ranger Crew UTV XP1000 Premium 20th Anniversary Limited Edition
VIN: 4XARSE999K8545254
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002914

(i)     2019 Yamaha Kodiak 450
VIN: 5Y4AJ7834KA103077
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002920

Motorcycles[3]:

(a)     2018 Yamaha TTR50EJ
VIN: LBPCA0235J0012796
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002919

(b)     2002 Harley Davidson Sportster XL883C
VIN: 1HD4CJM112K112006
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002918

---

[3] The motorcycles had outstanding liens and have been returned to the lien holders. Therefore, the government will not seek forfeiture of the motorcycles.

    (c)      2019 Yamaha TTR230
VIN: 9C6CG2838K0001718
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002917

Construction Equipment[4]:

2018 John Deere Mini Excavator
VIN: 1FF026GXPJK263672
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002913

Boat[5]:

2018 Sun Tracker Pontoon Boat, Mercury Outboard Motor, Trailer
Hull No: BUJ54267J718
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002924

Jewelry:

Miscellaneous Jewelry
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002544

Cash/U.S. Currency:

(a)      $14.78 in U.S. Currency
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002439

(b)      $1,806.34 in U.S. Currency
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002438

---

[4] The construction equipment had an outstanding lien and has been returned to the lien holder. Therefore, the government will not seek forfeiture of the construction equipment.

[5] The boat had an outstanding lien and has been returned to the lien holder. Therefore, the government will not seek forfeiture of the boat.

  (c)  $857.66 in U.S. Currency
    Seized from: David Hiers and Loretta Hiers
    Asset ID: 22-FBI-002437

5. On April 18, 2023, David Hiers pled guilty to the charge of conspiracy to commit mail fraud and wire fraud, and pursuant to a written plea agreement, agreed to forfeiture.

6. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461(c).

7. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which the Defendant has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is herby **ORDERED,**

1. The below-described property, and all rights, title, and interest of the Defendant, David Hiers, in and to such property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

Vehicle:

2016 Cadillac Escalade with (4) additional tires and factory rims
VIN: 1GYS4BKJ6GR445700
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002925

<u>Jewelry:</u>

Miscellaneous Jewelry
Seized from: David Hiers and Loretta Hiers
Asset ID: 22-FBI-002544

<u>Cash/U.S. Currency:</u>

(a)    $14.78 in U.S. Currency
       Seized from: David Hiers and Loretta Hiers
       Asset ID: 22-FBI-002439

(b)    $1,806.34 in U.S. Currency
       Seized from: David Hiers and Loretta Hiers
       Asset ID: 22-FBI-002438

(c)    $857.66 in U.S. Currency
       Seized from: David Hiers and Loretta Hiers
       Asset ID: 22-FBI-002437

2.    FORFEITURE IS ORDERED against David Hiers and in favor of the United States for $196,514.53 in United States currency, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3.    The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence proceedings that comply with statutes governing third party rights, if applicable.

5.	The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.	The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.	Upon entry of this Order, the United States Marshals Service or their designee is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8.	Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9.	Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary pursuant to Fed. R. CRim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of his sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                        s/ Bruce Howe Hendricks
_____
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

\_October 27_____, 2023
Charleston, South Carolina